## TEXAS STATE LIFE INS. CO. v. FRESS.
### No. 10941.

Court of Civil Appeals of Texas. Galveston. Feb. 29, 1940.

Rehearing Denied March 21, 1940.

O. M. Street, of Dallas, for plaintiff in error.

A. B. Wilson and Allan H. Kottwitz, both of Houston, for defendant in error.

CODY, Justice.

Defendant in error, wife of the deceased, recovered judgment below as the beneficiary of a policy of accident insurance which had been issued to deceased by plaintiff in error. The defense was that the deceased, who was killed by the discharge of a pistol, had committed suicide.

 "When death occurs from other than natural causes and the evidence leaves the nature of the cause in doubt, the presumption is that it was accidental rather than self-inflicted." 24 Tex.Jur., page 1263, and cases there cited. Plaintiff in error seems to entertain the erroneous belief that the burden was on the insured to disprove the insurer's pled defense that the death was suicide. Id. We have carefully examined the evidence and have found it amply sufficient to sustain the jury's findings: (1) That the death of the deceased was effected solely by external, violent and accidental means; (2) that the death did not result from injuries intentionally self-inflicted. We do not see how any useful purpose would be served by reviewing the evidence.

It was not error for the court to sustain defendant in error's objection to the proffered evidence that Mrs. Panos, a daughter of the deceased, made a statement at the Hospital to Dr. Harris, sometime following the shooting which had occurred at the home of the deceased, to the effect that the death was suicide. Mrs. Panos was not a beneficiary; she was not even at the home of deceased when the shooting occurred. We can think of no exception to the hearsay rule under which such evidence would be admissible. Plaintiff in error makes no contention that the statement is res gestae; and it is obviously a conclusion which Mrs. Panos herself would not be permitted to testify to over objection. Indeed, the statement is

a conclusion which was the very issue to be determined by the jury.

The judgment should be affirmed, and it is so ordered.

Affirmed.